IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JONATHAN PUCKETT, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 3:18-cv-1055-B (BT) |
| | § | |
| LORIE DAVIES, Director, TDCJ- CID, | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner Jonathan Puckett, a Texas prisoner, filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. The District Court referred the resulting civil action to the United States magistrate judge, pursuant to 28 U.S.C. § 636(b) and a standing order of reference. For the following reasons, the petition should be denied.

I.

In May 2017, Petitioner was tried on the charge of aggravated assault on a public servant, which resulted in a mistrial. *State of Texas v. Jonathan D. Puckett*, No. F-1461028-K (4th Crim. Dist. Ct., Dallas County, Tex., May 30, 2017). (*See* ECF No. 29-10 at 12). Immediately thereafter, Petitioner entered into a plea agreement and pleaded *nolo contendere* to the charge. (*Id.* at 7-11, 13). He did not file an appeal. (*See* ECF No. 3 at 2). Petitioner filed a state habeas petition, *Ex parte Puckett*, No. 87,314-01, which the Texas Court of Criminal Appeals ("CCA") denied without written order on the findings of the trial court without a hearing. (*See* ECF No. 29-

1

1). The CCA subsequently denied, without written order, Petitioner's second state habeas petition, *Ex parte Puckett*, No. 87, 314-02. (*See* ECF No. 29-12).

Petitioner then filed the instant § 2254 petition, in which he argues:

(1) His plea agreement was violated.

(2) The State violated his "mental health rights."

(3) His conviction violates the Interstate Agreement on Detainers because he was tried over 180 days after he submitted written notice and request for final disposition of his case.

(4) His attorneys provided ineffective assistance in numerous respects.

(5) The State had an "excessive conflict of interest" in this case because the victim was a Dallas police officer.

(ECF No. 3).

II.

**A. Standard of Review**

The role of federal courts in reviewing habeas corpus petitions by prisoners in state custody is exceedingly narrow. A person seeking federal habeas corpus review must assert a violation of a federal constitutional right. *Lowery v. Collins*, 988 F.2d 1364, 1367 (5th Cir. 1993). Federal habeas corpus relief will not issue to correct errors of state constitutional, statutory, or procedural law, unless a federal issue is also present. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *West v. Johnson*, 92 F.3d 1385, 1404 (5th Cir. 1996). When reviewing state proceedings, a federal court does not sit as a super state appellate court. *Dillard v. Blackburn*, 780 F.2d 509, 513 (5th Cir. 1986).

Federal habeas corpus relief for state prisoners has been further limited by the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"). The pertinent terms of the AEDPA, 28 U.S.C. § 2254 provide:

> (d) An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in a State court proceeding.

*See* 28 U.S.C. § 2254(d).

Under the "contrary to" clause, a federal habeas court may grant the writ of habeas corpus if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently from the United States Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 380-84 (2000). Under the "unreasonable application" clause, a federal court may grant a writ of habeas corpus if the state court identifies the correct governing legal principle from the United States Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case. *Id.* As a condition for obtaining habeas corpus relief from a federal court, a state prisoner must show that the state court's ruling on the

claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair-minded disagreement. *Harrington v. Richter*, 562 U.S. 86,105 (2011). A petitioner must show that there was no reasonable basis for the state court to deny relief. *Id.*, at 98.

Under Texas law, when the CCA denies a state habeas petition, as in the present case, the "denial" means that the court rejected the merits of a particular claim. *See Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000) ("Under Texas law, a denial of relief by the Court of Criminal Appeals serves as a denial of relief on the merits of the claim."); *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997) (en banc) ("In our writ jurisprudence, a 'denial' signifies that we addressed and rejected the merits of a particular claim while a 'dismissal' means that we declined to consider the claim for reasons unrelated to the claims merits."). Because the CCA denied Petitioner's claims on the merits, the deferential AEDPA standard of review applies to this petition.

**B. Violation of Plea Agreement**

Petitioner argues that the term of his plea agreement, stating that his sentence would run concurrent to his sentences from his Kentucky state convictions, was violated because the final judgment was less specific than the plea agreement. (*See* ECF No. 3 at 24-26)[1]. He argues that because the plea agreement contained the

---

[1] Petitioner also appears to make an argument of ineffective assistance of counsel in this section. (See ECF No. 3 at 24). This claim is addressed in section E below.

specific case numbers for his Kentucky offenses, yet the judgment only stated "[t]his sentence shall run concurrent," his judgment "reflect[s] an entirely different sentence than the one agreed upon," (*see id.* at 25), . . . and "amount[s] to a breach of contract by the court." (*Id.* at 26). He further argues that he is currently being illegally detained due to the breach. (*Id.* at 12, 27).

While Petitioner is correct that the judgment does not list his specific Kentucky convictions, it does state that his sentence "shall run concurrently." (*See* ECF No. 29-10 at 13). Thus, it is of no consequence that the judgment does not list the other convictions with which it is running concurrently. Petitioner's plea agreement indicates that his sentence shall begin to run immediately, rather than at the termination of any sentences he was currently serving. (*See id.* at 7); *See also* Tex. Cr. P. Art. 42.08 (explaining the difference between cumulative and concurrent sentences: "[i]n the discretion of the court, the judgment in the second and subsequent convictions may either be that the sentence imposed . . . shall begin when the judgment and the sentence imposed or suspended in the preceding conviction has ceased to operate [i.e., cumulative], or that the sentence imposed . . . shall run concurrently with the other case or cases, and sentence and execution shall be accordingly"). And his judgment demonstrates that his sentence commenced on May 30, 2017, the same date on which the sentence was imposed. (*See* ECF No. 29-10 at 13).

Petitioner attempts to demonstrate that his sentence was not run concurrently with his Kentucky sentences by stating that he has served over 12 years on his

5

Kentucky convictions and is now on parole for those offenses. (*See* ECF No. 3 at 24-25). He appears to argue that if his instant sentence runs concurrent to those in Kentucky, because he has served over 12 years on his Kentucky convictions, he should have been released from his current 12-year sentence at the time he was placed on parole in Kentucky. (*See Id.*). The Court first notes that Petitioner has provided no evidence to demonstrate that his Kentucky sentences have been completed. More importantly, however, Petitioner's sentence—which commenced on May 30, 2017—began running concurrently with any other sentences he was serving on that date. That his sentences were run concurrently does not mean that he is given time credit on his Texas sentence for the time he already served in Kentucky. *See* Tex. Cr. P. Art. 42.08.

Petitioner additionally makes a vague claim regarding "back time credit." (ECF No. 3 at 26). He appears to argue that his judgment does not reflect the same amount of "back time credit" as agreed to in the plea agreement, thus violating the agreement. (*See id.*). Petitioner's plea agreement states that he is to receive "Back-time included from December 16, 2014 – Current." (*See* ECF No. 29-10 at 7). The Court additionally notes that the parties signed the plea agreement on May 30, 2017. (*See Id.* at 10). Petitioner's judgment also indicates that Petitioner was to receive time-credits for the same dates – December 16, 2014 through May 30, 2017. *See id.* at 13. Thus, the record disproves Petitioner's claim.

To the extent this claim can be construed as an argument that Petitioner's plea was involuntary, it is unavailing. Petitioner pleaded *nolo contendere* pursuant to a

plea agreement. (ECF No. 29-10 at 7-10). A plea of *nolo contendere* is treated as an admission of guilt and the law applicable to a guilty plea is also applicable to a plea of *nolo contendere*. *Carter v. Collins*, 918 F.2d 1198, 1200 n. 1 (5th Cir. 1990).

A plea is intelligently made when the defendant has "real notice of the true nature of the charge against him." *Bousley v. United States*, 523 U.S. 614, 618 (1998) (internal quotation marks omitted). A plea is "voluntary" if it does not result from force, threats, improper promises, misrepresentations, or coercion. *See United States v. Amaya*, 111 F.3d 386, 389 (5th Cir. 1997). A review of the record reveals that Petitioner's plea was knowing and voluntary. Although transcripts of Petitioner's plea hearing are not available, the Court notes the CCA denied his state habeas petitions on the merits. Therefore, "the precise question . . . is whether the [state] court's ultimate conclusion . . . is objectively unreasonable." *Pondexter v. Drekte*, 346 F.3d 142, 148-49 (quoting *Neal v. Puckett*, 286 F.3d 230, 246); *Santellan v. Cockrell*, 271 F.3d 190, 193 (5th Cir. 2001) ("The statute compels federal courts to review for reasonableness the state court's ultimate decision, not every jot of its reasoning."). The record demonstrates that Petitioner signed a "Judicial Confession" and other guilty plea papers that included the "Court's Admonishments to Defendant" and "Defendant's Statements and Waivers," (ECF No. 29-10 at 8-11). In these documents, Petitioner acknowledged his rights, stated that he is mentally competent, and understood the nature of the accusation against him. (*Id.* at 8). He additionally acknowledged he was informed of the applicable range of punishment, and affirmed:

7

> I admit and judicially confess that I committed the offense of [aggravated assault on a public servant] . . . exactly as alleged in the charging instrument. I affirm that my plea and judicial confession are freely and voluntarily made, and not influenced by any consideration of fear, persuasion, or delusive hope of pardon or parole. . . .
>
> [defense counsel] has explained to me, and I have read and I understand, all the foregoing admonitions and warnings regarding my rights and my plea, and that my statements and waivers are knowingly, freely, and voluntarily made with full understanding of the consequences. I request that the Court accept all my waivers, statements, agreements, and my plea.

*Id.* at 9-10. "Official documents—such as a written plea agreement—are 'entitled to a presumption of regularity and are accorded great evidentiary weight.'" *United States v. McDaniel*, 907 F.3d 366, 371 (5th Cir. 2018) (quoting *Hobbs v. Blackburn*, 752 F.2d 1079, 1081 (5th Cir. 1985).

Petitioner claims his attorney informed him he would be returned to Kentucky to complete his sentence there, (*See* ECF No. 13 at 6), and that he would not have to serve any further time in Texas. (ECF No. 3 at 20). Petitioner fails to provide any further information regarding this claim. Federal courts do not "consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition . . . mere conclusory allegations do not raise a constitutional issue in a habeas proceeding." *Smallwood v. Johnson*, 73 F.3d 1343, 1351 (5th Cir. 1996) (quoting *Ross v. Estelle*, 694 F.2d 1008, 1011-12 (5th Cir. 1983)); *see also Lookingbill v. Cockrell*, 293 F.3d 256, 263 (5th Cir. 2002) (stating that where a habeas petitioner fails to brief an argument adequately, it is considered waived).

Moreover, in Petitioner's state application for a writ of habeas corpus, he also alleged his plea agreement had been violated. (ECF No. 29-18 at 11-12). In denying Petitioner's state habeas writ, the CCA implicitly found that Petitioner's plea was knowing and voluntary. *See Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001). Petitioner fails to show the state court proceedings resulted in a decision that was contrary to, or involved an unreasonable application of, clearly-established federal law, as determined by the Supreme Court of the United States, or that the decision was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. *Williams*, 529 U.S. at 402-03; *Childress v. Johnson*, 103 F.3d 1221, 1224-25 (5th Cir. 1997). In fact, Petitioner states that he is unfamiliar with the requirements under the AEDPA. *See* ECF No. 40 at 22.

As such, Petitioner fails to show there was no reasonable basis for the state court to deny relief. *See Richter*, 526 U.S. at 98.

## C. Violation of "mental health rights"

Petitioner alleges that his "mental health rights were not upheld, were violated and exploited from the beginning, in trial, and since." (ECF No. 3 at 7). He attempts to clarify this vague statement with further conclusory claims. For example, without any support from the record, Petitioner claims he was denied his request for an "MHMR specific defense counsel, MHMR ADA Court (Judge)". . . and a "psychological profiler and behavioral analyst for expert opinion into this incident." (*Id.*). Petitioner additionally states that "before, during, and after trial, and [during]

9

the plea process, [he] was not on [his] regular medications. . ." and was "more easily deceived, coerced, manipulated, and exploited." (*Id.* at 18).

Petitioner's argument relies solely on his general statements. He does not point to any evidence in the record to support his contention. These conclusory allegations do not raise a constitutional issue in a habeas proceeding. *See Smallwood*, 73 F.3d at 1351 (quoting *Ross*, 694 F.2d at 1011-12); *see also Woods v. Cockrell*, 307 F.3d 353, 357 (5th Cir. 2002). To the extent this claim can also be construed as an argument that Petitioner's plea was involuntary, it is unavailing for the reasons stated above.

Moreover, in Petitioner's state habeas writ, he alleged the same issue as he alleges here. (ECF No. 29-10 at 24-25; 29-18 at 5-6). Petitioner fails to show the state court proceedings resulted in a decision that was contrary to, or involved an unreasonable application of, clearly-established federal law, as determined by the Supreme Court of the United States, or that the decision was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. *Williams*, 529 U.S. at 402-03; *Childress*, 103 F.3d at 1224-25.

As such, Petitioner fails to show there was no reasonable basis for the state court to deny relief. *See Richter*, 526 U.S. at 98.

### D. Violation of Interstate Agreement on Detainers

Petitioner claims he is eligible for habeas relief because the trial court violated the terms of his Interstate Agreement on Detainers ("IAD"). (ECF No. 3 at 5, 17). He

10

states, without further support from the record that he "filled out, signed, and by certified mail sent the IAD from KYDOC to the DA of Dallas County Texas, and it was received on 9-12-16, meaning they only had 180 days to transport, try, convict, and sentence, or exonerate, then must dismiss if these terms are not met in this time frame." (ECF No. 3 at 5).

Petitioner's argument relies solely on his general statements. He does not point to any evidence in the record to support his contention. He fails to demonstrate that the IAD requires what he claims it requires, nor does he point to documentation demonstrating that he mailed the IAD, as he alleges he did. As previously stated, mere conclusory allegations are insufficient to warrant relief in a habeas proceeding. *Smallwood*, 73 F.3d at 1351 (quoting *Ross*, 694 F.2d at 1011-12).

Additionally, because Petitioner pleaded *nolo contendere* pursuant to a plea agreement, this issue is waived. A guilty plea generally waives constitutional deprivations occurring prior to the plea. *Haring v. Prosise*, 462 U.S. 306, 319–20 (1983). Moreover, a knowing and voluntary guilty plea waives all nonjurisdictional defects that occurred prior to the plea. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973); *United States v. Bell*, 966 F.2d 914, 915 (5th Cir.1992). Additionally, this waiver includes all claims of ineffective assistance of counsel, except those relating to the defendant's entry of a guilty plea. *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir.1983).

Furthermore, in Petitioner's state habeas writs, he alleged the same issue as he alleges here. (ECF No. 29-10 at 22-23; 29-18 at 3-4). And again, Petitioner fails to

show the state court proceedings resulted in a decision that was contrary to, or involved an unreasonable application of, clearly-established federal law, as determined by the Supreme Court of the United States, or that the decision was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. *Williams*, 529 U.S. at 402-03; *Childress*, 103 F.3d at 1224-25.

As such, Petitioner fails to show there was no reasonable basis for the state court to deny relief. *See Richter*, 526 U.S. at 98.

### E.  Ineffective Assistance of Counsel

Petitioner makes numerous claims of ineffective assistance of counsel. To succeed on a claim of ineffective assistance of counsel, a petitioner must show "counsel's representation fell below an objective standard of reasonableness," with reasonableness judged under professional norms prevailing at the time counsel rendered assistance. *Strickland v. Washington*, 466 U.S. 668, 690 (1984). The standard requires the reviewing court to give great deference to counsel's performance, strongly presuming counsel exercised reasonable professional judgment. *Id.* The right to counsel does not require errorless counsel; instead, a criminal defendant is entitled to reasonably effective assistance. *Murray v. Maggio*, 736 F.2d 279, 281-82 (5th Cir. 1984); *Boyd v. Estelle*, 661 F.2d 388, 389 (5th Cir. 1981).

Additionally, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been

different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. The petitioner must "affirmatively prove," not just allege, prejudice. *Id.* at 693. If he fails to prove prejudice, the court need not address the question of counsel's performance. *Id.* at 697. Merely presenting "conclusory allegations" of deficient performance or prejudice is insufficient to meet the *Strickland* test. *Miller*, 200 F.3d at 282.

### Ineffective Assistance of Attorney George Ashford III

Petitioner argues that his initial counsel, George Ashford III, provided ineffective assistance by "tr[ying] to deny [his] right to assist in [his] own defense, never return[ing] phone calls from [his] family, never respond[ing] to letters or requests from [Petitioner], never fil[ing], rework[ing] or appeal[ing] any motion [petitioner] filed *pro se*" and "agree[ing] without [petitioner's] knowledge or approval to push [his] trial date back two months." (*See* ECF No. 3 at 8, 19). Petitioner provides no support for any of these vague allegations. He does not point to any evidence in the record to support his contentions. His general complaints are insufficient. *See Miller*, 200 F.3d at 282. Furthermore, because Petitioner's allegations against attorney Ashford do not relate to Petitioner's entry of his guilty plea, they are waived. *See Smith,* 711 F.2d at 682.

### Ineffective Assistance of Attorney Phillip Hayes

Petitioner claims that attorney Phillip Hayes provided ineffective assistance, in numerous respects, prior to and during Petitioner's trial. For example, Petitioner alleges Hayes failed to conduct a proper investigation, failed to file for a "psych

13

evaluation," failed to "protect [Petitioner's] MHMR rights," would not pursue an "MHMR defense," (ECF No. 3 at 19-20), and refused to allow Petitioner to change his plea to "Not Guilty due to Temporary Insanity." (ECF No. 13 at 4). Again, Petitioner fails to substantiate any of his conclusory claims with any support from the record. This is insufficient. *See Miller*, 200 F.3d at 282; *Smallwood*, 73 F.3d at 1351 (quoting *Ross*, 694 F.2d at 1011-12. And furthermore, Petitioner's claims concerning pre-trial and trial matters are waived as the allegations do not relate to Petitioner's entry of his guilty plea. *See Smith,* 711 F.2d at 682.

Petitioner also contends that attorney Hayes provided inadequate advice with regard to Petitioner's plea agreement. Petitioner alleges that counsel did not explain that his *nolo contendere* plea "would be in direct contention with a guilt admission to the details of the charging instrument since counsel deceived [Petitioner] into believing the charging instrument as the indictment, though it was actually the affidavit of arrest." (ECF No. 13 at 2-3; *see also* ECF No. 3 at 20, 24). Petitioner appears to claim that if not for his counsel's ineffectiveness on this point, he would not have entered into the plea agreement. (*See* ECF No. 13 at 2-3). Petitioner's allegation is exceedingly vague, and he provides no further clarification, nor does he cite any evidence in the record to support his contention. This conclusory allegation fails to provide Petitioner with relief under *Strickland. See Miller*, 200 F.3d at 282. Also conclusory is Petitioner's claim that attorney Hayes failed to disabuse Petitioner of his belief that he would be returned to Kentucky to serve his sentence.

14

(*See* ECF 13 at 6). His conclusory statement fails to provide Petitioner with relief. *See Miller*, 200 F.3d at 282.

To the contrary, Petitioner's trial counsel provided an affidavit in the state habeas proceedings. With regard to this issue, Counsel stated:

> I did not advise him that he would be transferred out of state or to TDCJ. I specifically told him that I wasn't sure what would happen since he was brought to Texas from a Kentucky correctional facility.

(ECF No. 29-9 at 2).

Finally, Petitioner filed a memorandum in support of his habeas petition, in which he provides a bullet-point listing of twenty-six claims of ineffective assistance of counsel, followed by a narrative of the history of his case. (*See* ECF Nos. 11, 20).[2] Numerous claims are simply re-assertions of claims discussed above, adding no new information. Additionally, many of the claims do not relate to Petitioner's entry of his guilty plea and, as such, are not cognizable. *Tollett*, 411 U.S. at 267; *Smith*, 711 F.2d at 682.

Also, in each of Petitioner's ineffective assistance of counsel claims, he provides only cursory, generalized arguments that counsel was ineffective. He provides no further argument, or evidence from the record to support the claims. Petitioner does not address *Strickland*'s prejudice requirement whatsoever. (*See* ECF Nos. 3 at 8, 19-21; 13; 11; 20). He has wholly failed to show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have

---

[2] The documents in ECF Nos. 11 and 20 are substantively identical documents.

15

been different." *Strickland*, 466 U.S. at 694. Petitioner has failed to "affirmatively prove" that he was prejudiced by any of his counsels' alleged deficient performance. *Id.* at 693. Thus, he has failed to demonstrate his counsel provided ineffective assistance. *Id.* at 687, 692.

Furthermore, Petitioner raised ineffective-assistance-of-counsel claims in his state applications for a writ of habeas corpus. (*See* ECF Nos. 29-10 at 26-27; 29-18 at 7-8). Petitioner fails to demonstrate the state court decision was incorrect. *Williams*, 529 U.S. at 402-03 (2000). He fails to show there was no reasonable basis for the CCA to deny relief. *Richter*, 562 U.S. at 98.

### F. Excessive Conflict of Interest

Petitioner claims the prosecution had an "excessive conflict of interest during the case, trial, and plea phase of the case" because the victim in this case "is a Dallas Police officer." (ECF No. 3 at 10). He generally alleges, again with no support from the record, that the Dallas Police Department committed various acts of misconduct "without objective alternative agency involvement." (*Id.*) Petitioner also makes the vague assertion that all the parties involved in his case - including his defense attorney - are "in collusion" against him. (*Id.* at 22-23). As with many of Petitioner's previous allegations, he fails to support this claim with any evidence from the record. He simply makes unsupported and conclusory claims of a violation. This is insufficient to provide relief. *See Smallwood*, 73 F.3d at 1351 (quoting *Ross*, 694 F.2d at 1011-12).

16

Furthermore, to the extent that Petitioner's allegation refers to claims relating to issues other than the entry of his *nolo contendere* plea, it is waived by his plea. *See Tollett*, 411 U.S. at 267; *Smith*, 711 F.2d at 682.

Moreover, Petitioner raised this claim in his state habeas petitions, (*see* ECF Nos. 29-10 at 28-29; 29-18 at 9-10), which the CCA denied. (*See* ECF Nos. 29-1; 29-12). Petitioner fails to demonstrate the state court decision was contrary to, or involved an unreasonable application of, clearly established federal law, or was based on an unreasonable determination of facts. *Williams*, 529 U.S. at 402-03 (2000). He fails to show there was no reasonable basis for the CCA to deny relief. *Richter*, 562 U.S. at 98.

### G. Summary

Petitioner has provided insufficient evidence to demonstrate that his plea agreement or "mental health rights" were violated. Additionally, Petitioner fails to demonstrate a violation of the Interstate Agreement on Detainers, that his counsel provided ineffective assistance, or that the prosecution had a conflict of interest in prosecuting this case. Also, due to Petitioner's knowing and voluntary plea, many of his claims of ineffective assistance of counsel, as well as his allegation of a violation of the Interstate Agreement on Detainers are waived. Moreover, Petitioner fails to show the state court proceedings resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or that the decision was based on an unreasonable determination of the facts in light of the evidence

presented in the state court proceeding. *Williams*, 529 U.S. at 380-84. He fails to show there was no reasonable basis for the state court to deny relief. *Harrington v. Richter*, 562 U.S. at 98.

### III.

For the foregoing reasons, the Court recommends that the petition for writ of habeas corpus under 28 U.S.C. § 2254 be denied with prejudice for failure to make a substantial showing of the denial of a federal right.

August 2, 2019.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).