UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JONATHAN PUCKETT, )<br>      Petitioner, )<br>)<br>v. )<br>)<br>LORIE DAVIES, Director, TDCJ- CID, )<br>      Respondent. ) | No. 3:18-cv-1055-B (BT) |

### ORDER DENYING PETITIONER'S MOTION TO AMEND OR SUPPLEMENT CLAIMS, ACCEPTING FINDINGS, CONCLUSIONS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE, AND DENYING A CERTIFICATE OF APPEALABILITY

The United States Magistrate Judge made findings, conclusions, and a recommendation in this case. After the findings, conclusions, and recommendation were filed, Petitioner filed a *Motion to Amend/Supplement Claims*. The District Court reviewed the motion and finds that the majority of the amended/supplemental claims that Petitioner now wishes to include in his petition have been addressed in the Magistrate Judge's findings and conclusions. As an example, the Court notes that twenty-four claims in Petitioner's motion concern claims for relief based on alleged errors that occurred prior to Petitioner's entry of a *nolo contendere* plea. As the Magistrate Judge's findings, conclusions and recommendation explains, a guilty plea[1] generally waives constitutional deprivations occurring prior to the plea. The District Court additionally finds that the claims in Petitioner's motion are conclusory. "[M]ere conclusory allegations do not raise

---
[1] A plea of *nolo contendere* is treated as an admission of guilt and the law applicable to a guilty plea is also applicable to a plea of *nolo contendere*. *Carter v. Collins*, 918 F.2d 1198, 1200 n. 1 (5th Cir. 1990).

1

a constitutional issue in a habeas proceeding." *Smallwood v. Johnson*, 73 F.3d 1343, 1351 (5th Cir. 1996) (quoting *Ross v. Estelle*, 694 F.2d 1008, 1011-12 (5th Cir. 1983)).

Petitioner also filed objections, and the District Court has made a *de novo* review of those portions of the proposed findings and recommendation to which objection was made. The objections are overruled, and the Court accepts the Findings, Conclusions and Recommendation of the United States Magistrate Judge.

IT IS THEREFORE ORDERED that the petitioner's *Motion to Amend/Supplement Claims* is denied.

IT IS FURTHER ORDERED that the petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 is denied.

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing Sections 2254 and 2255 Proceedings in the United States District Court, and 28 U.S.C. § 2253(c), the Court denies a certificate of appealability. The Court adopts and incorporates by reference the Magistrate Judge's Findings, Conclusions and Recommendation filed in this case in support of its finding that the petitioner has failed to show (1) that reasonable jurists would find this Court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).[1]

---

[1] Rule 11 of the Rules Governing §§ 2254 and 2255 Proceedings reads as follows:

**(a) Certificate of Appealability.** The district court must issue or deny a

If petitioner files a notice of appeal,

( ) petitioner may proceed *in forma pauperis* on appeal.

(X) petitioner must pay the $505.00 appellate filing fee or submit a motion to proceed *in forma pauperis*.

SO ORDERED this 29th day of August, 2019.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE

---

certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.

**(b) Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.